

**FEDERAL PUBLIC DEFENDER**
**WESTERN DISTRICT OF NORTH CAROLINA**
129 West Trade Street, Suite 300
Charlotte, NC 28202
(704) 374-0720
Fax (704) 375-2287

*John G. Baker*
Federal Public Defender

*Megan C. Hoffman*
First Assistant

September 19, 2025

Duty Magistrate Judge
Western District of North Carolina

Re: Appointment of Learned Counsel for Decarlos Dejuan Brown – 3:25mj00237

Duty Magistrate Judge,

    Mr. Brown has been charged with a violation of 18 U.S.C. § 1992(a)(7) and (b)(1), which is a death penalty eligible offense. A person indicted in federal court for any death-eligible offense is entitled to appointment of two attorneys, at least one of whom must be "learned in the law applicable to capital cases." 18 U.S.C. § 3005; CJA Plan XV.C. "Ordinarily, 'learned counsel' should have distinguished prior experience in the trial, appeal, or post-conviction review of federal death penalty cases, or distinguished prior experience in state death penalty trials, appeals, or post-conviction review that, in combination with co-counsel, will assure high quality representation." Recommendation 1(b), Subcommittee on Federal Death Penalty Cases, Committee on Defender Services Judicial Conference of the United States, Federal Death Penalty Cases: Recommendations Concerning the Cost And Quality of Defense (approved September 15, 1998). More than two attorneys can be appointed to represent a defendant in a capital case. 18 U.S.C. § 3599(a). Additionally, federal law provides a role for the federal defender in the recruitment of qualified counsel, instructing the court to "consider the recommendation of the Federal Public Defender organization . . . ." 18 U.S.C. § 3005. Judicial Conference policy has recently reinforced and expanded the role of the federal defender and of resource counsel in this task, providing that "[i]n appointing counsel in capital cases, judges should consider and give due weight to the recommendations made by federal defenders and resource counsel and articulate reasons for not doing so." Guide to Judiciary Policy, Vol. 7A, Appx. 2A; CJA Plan XV.C.1.d.

    In addition to the "learned counsel" requirement of § 3005, minimum experience standards for attorneys appointed in capital cases are set forth in 18 U.S.C. § 3599(a)-(d). Procedures for appointment of counsel and attorney qualification requirements are further detailed in the Guide to Judiciary Policy, Volume 7A, § 620 (Appointment of Counsel in Capital Cases) and in the CJA Plan, XV.C. Highly skilled and experienced counsel is critical at every stage of a federal death-eligible case, and it is important from the outset that death-qualified counsel be appointed to provide representation to defendants charged with a capital crime. Judicial Conference policy makes clear that "[q]ualified counsel must be appointed in capital cases at the earliest possible opportunity." Guide to Judiciary Policy, Vol. 7A, Appx. 2A; CJA Plan XV.B.3.

Based on the statutes, this policy guidance, our CJA Plan and consultation with resource counsel, I recommend that Mr. Joshua Kendrick from Greenville, South Carolina be appointed as learned counsel on *pro hac vice* basis. Resource counsel in this case, Ms. Kim Stevens, concurs with this recommendation. As Mr. Kendrick's impressive resume makes clear, he is well-qualified to serve as learned counsel in this case where competency and mental health issues will likely be front and center.

Mr. Kendrick, Ms. Hoffman, and other resources provided and funded by the FPDO will combine to provide high-quality representation for Mr. Brown.

John G Baker
Federal Defender
Western District of North Carolina

Attachments:

1. NC v Decarlos Dejuan Brown, Jr, 25CR394562-590, Index 12
2. Register of Actions Jr, 25CR394562-590
3. NC v. Decarlos Dejuan Brown, Jr, 25CR214223-590, Index 8